# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF LT LEASING INC.; LM SPORTS, INC. DBA LAKESIDE MARINA AND DBA ACTION WATERSPORTS OF LAKE TAHOE AND DBA ACTION WATERSPORTS AT LAKE TAHOE AND DBA ACTION WATERSPORTS; TAMARA HASSETT, INDIVIDUALLY; AND ROBERT HASSETT, INDIVIDUALLY. | Case No.  2:17-cv-00041-JAM-EFB<br><br>ORDER DIRECTING CLERK OF COURT TO RECONVEY $9,500 SECURITY TO DEPOSITOR CHUBB FEDERAL INSURANCE COMPANY<br><br>ORDER DIRECTING CLERK OF COURT TO MOVE $1,000 SECURITY TO UNCLAIMED FUNDS<br><br>ORDER DIRECTING ATTORNEY SCHULTZ TO SERVE THIS ORDER ON ATTORNEY AGHABEG |

This matter was commenced pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Supplemental Rule F.  Specifically, Plaintiffs LT Leasing, Inc., LM Sports, Inc., Tamara Hassett, and Robert Hassett sought exoneration from (or limitation of) liability in relation to an accident involving a 1997 24' Four Winns vessel.  (ECF No. 1.)

Pursuant to Local Rule 520(b), Plaintiffs were required to post security for costs in the amount of $1,000.00, and "[u]nless otherwise ordered by the Court, the security for costs may be combined with the security for value and interest, if such security is posted."  L.R. 520(b).  On January 10, 2017, depositor Chubb Federal Insurance Company ("Chubb") posted the $9,500.00 security for value and interest (Receipt No. #CAE200079226), and on February 21, 2017,

depositor Cogswell Nakazawa posted the $1,000.00 security for costs (Receipt No. ##CAE200080165). On July 11, 2017, this matter was consolidated with <u>Palla v. L M Sports, Inc.</u>, No. 2:16-cv-02865-JAM-EFB, and the Clerk of the Court administratively closed this action. (ECF No. 23.) On April 3, 2020, all parties remaining in the consolidated cases filed a stipulation of dismissal, dismissing the action with prejudice. <u>Palla v. L M Sports, Inc.</u>, No. 2:16-cv-02865-JAM-EFB, ECF No. 382, Stipulation of Dismissal (E.D. Cal. Apr. 3, 2020).

On March 18, 2026, the Court issued an order to show cause, directing all parties in this action to show cause in writing why the securities in this matter should not be returned to the respective depositors. (ECF No. 29.) The Court noted that a non-response would be construed as a non-opposition. (<u>Id.</u>)

The time to file a response has passed, and the only response filed was from attorney Pamela Schultz, who is current counsel for Tamara Hassett, Robert Hassett, L M Sports, Inc., and L T Leasing, Inc. (ECF No. 29.) In the response, attorney Schutlz acknowledges that depositor Chubb posted the $9,500.00 security for value and interest and return of said security is appropriate. Regarding depositor Cogswell Nakazawa, attorney Schultz informs the Court that she reached out to counsel at the time of posting of security, attorney Dena Aghabeg. (<u>Id.</u>) Attorney Aghabeg advised attorney Schutlz that Cogswell Nakazawa has ceased operations but that "the $1,000 deposited by Cogswell Kakazawa would have been charged as a disbursement to Chubb and paid by Chubb. As such, the $1,000 which is in the registry of the Court should be sent back to Chubb . . ." (<u>Id.</u>)

The Court is not persuaded that it would be permissible or appropriate to return a security to a third party on only the basis of hearsay. Rather, the Court finds it suitable, given that Cogswell Nakazawa has apparently ceased operations, to move the $1,000 security to unclaimed funds.

Accordingly, IT IS HEREBY ORDERED THAT the $9,500.00 security for value and interest shall be reconveyed to depositor Chubb. The Clerk of Court is DIRECTED to serve a copy of this order on depositor Chubb, as well as return the $9,500.00 security to the address on record for Chubb.

Regarding the $1,000 security for costs deposited by Cogswell Nakazawa, the Clerk of the Court is DIRECTED to move these funds, plus accrued interest, to unclaimed funds under the name: law firm of Cogswell Nakazawa.

Though attorney Aghabeg is still listed as counsel in this matter, in an abundance of caution, the Court DIRECTS attorney Schultz to serve a copy of this order on attorney Aghabeg. Attorney Schultz shall file a certificate of service within **seven (7) days** of the entry of this order.

IT IS SO ORDERED.

Dated:    **April 9, 2026**

STANLEY A. BOONE
United States Magistrate Judge